[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Although the defendants' motion for Summary Judgment purports to raise an interesting legal issue as to the application of Connecticut's "Little Miller Act," Connecticut General Statutes Sections 49-41 and 49-42, to the present case, the court declines to reach this issue. It is apparent that notwithstanding the application of the statute, a material issue of fact remains unresolved by the pleadings and the plaintiff's Affidavit in Opposition to Motion for Summary Judgment, which are the only relevant documents from which the court can determine whether or not a material issue CT Page 5802 of fact exists. In particular, as is conceded by the defendant, the plaintiff's claims for payment for the last three purchases, totalling $328.75, would not be precluded by Connecticut General Statutes Section 49-42, even if the court were to adopt the defendants' interpretation of that statute.
The defendants attempt to avoid this procedural hurdle by acknowledging, in a footnote to its Memorandum of Law, that "for purposes of this Motion for Summary Judgment, Vinco and Federal concede this timely notice of claim was received for invoice number 57218, 54876 and 63670 which total $328.75 and are willing to remit payment for that amount", is insufficient. Although this concession may come as welcome news to the plaintiff, the defendants' Memorandum of Law is not a pleading, nor is it an affidavit made under oath or its functional equivalent. The pleadings, as they currently exist, present a statement of the claim in full by the plaintiff and a denial in full by the defendants. Thus, the issue of the claim for payment on the final three invoices is still left in dispute by the pleadings, and the defendants' qualified concession "for purposes of this Motion" cannot be considered by this court as altering that status.
On the basis of the pleadings and affidavit as they appear in the file, therefore, this court finds that there is still an issue of material fact that remains unresolved. The Motion for Summary Judgment is therefore denied.
Silbert, J.